**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID S. THOMAS,

        Plaintiff,

v.                                              No. CIV-06-0514 MV/LCS

N.M. CORRECTIONS DEPT.,
JOE ROMERO, JAMES
LECHALT, CHARLIE
MARTINEZ, and
ERMA SEDILLO,

        Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ.

P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that certain Defendants confiscated and destroyed Plaintiff's personal property, and forged his signature on a property disposition form, when he was transferred to Central New Mexico Correctional Facility. Defendants' actions allegedly were in violation of corrections department policy. Plaintiff claims that these actions violated his equal protection and due process rights, as well as his protection from cruel and unusual punishment. He also asserts a fraud claim.

The resolution of Plaintiff's due process claim is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a claim that the state has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, state tort remedies are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional. *See Hudson*, 468 U.S. at 534; *and cf. Wilson v. United States*, 29 F. App'x 495, 496-97 (10th Cir. 2002).

Plaintiff's allegations do not support claims of cruel and unusual punishment or violation of

equal protection.  Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson* at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 347 (1981)).  And because Plaintiff makes only a conclusory allegation of disparate treatment, i.e., that similarly situated individuals are treated differently, the complaint fails to provide a basic element of an Equal Protection claim.  *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991).

Last, Plaintiff's fraud claim will be dismissed without prejudice.  In view of the dismissal of all federal claims, the question arises whether this Court should exercise jurisdiction of this state law claim.  It is assumed for purposes of this opinion that this Court has supplemental jurisdiction of this claim.  28 U.S.C. § 1367(a).  "If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.' "  *Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  This Court declines to exercise jurisdiction of Plaintiff's state law claim.  *See American Bush v. City of South Salt Lake*, No. 01-4121, 2002 WL 1443474, at **2  (10th Cir. July 5, 2002).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's federal law claims are DISMISSED with prejudice, Plaintiff's state law claim is DISMISSED without prejudice to his right to assert this claim

in an appropriate forum, and judgment will be entered in accordance with this opinion

                                                                                        _____Electronically Signed_____
                                                                                        CHIEF UNITED STATES DISTRICT JUDGE